# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**22-497**


**ESTATE OF OPAL STELLA REEVES VIOLA**


**VERSUS**


**CYNTHIA ANGONA LACASSIN GUILLORY**

**********

APPEAL FROM THE
TWENTY-SEVENTH DISTRICT COURT
PARISH OF ST. LANDRY, NO. 20-1296
HONORABLE A. GERARD CASWELL, DISTRICT JUDGE

**********

**CHARLES G. FITZGERALD**
**JUDGE**

**********

Court composed of D. Kent Savoie, Charles G. Fitzgerald, and Gary J. Ortego, Judges.


**AFFIRMED.**


Savoie, Judge, dissents and assigns reasons.

**Bruce A. Gaudin**
**100 West Bellevue Street**
**Opelousas, Louisiana 70570**
**(337) 948-3818**
**Counsel for Plaintiff/Appellant:**
> **Estate of Opal Stella Reeves Viola**


**Brad P. Scott**
**Jane C. Alvarez**
**Kayla Martynenko**
**William C. Charbonnet**
**Kameron P. Whitmeyer**
**Scott Vicknair, LLC**
**909 Poydras Street, Suite 2025**
**New Orleans, Louisiana 70112**
**(504) 264-1057**
**Counsel for Defendant/Appellee:**
> **Cynthia Angona Lacassin Guillory**

**FITZGERALD, Judge.**

Here, the plaintiff, the executor of the Estate of Opal Stella Reeves Viola, filed suit on behalf of the estate against the defendant, Cynthia Angona Lacassin Guillory. We are now asked to review whether the trial court erred in dismissing this lawsuit.

## FACTS AND PROCEDURAL HISTORY

Joseph Viola and Opal Stella Reeves were married and lived in Louisiana under the legal regime of acquets and gains. Opal died testate in 2006. Five years later, in 2011, Opal's succession was opened and remains under administration in docket number 11-3860 of the 27th Judicial District Court. Oversimplifying slightly, Opal's grandchildren are the beneficiaries of her estate, and Joseph was not given usufruct over Opal's share of the former community property.

After Opal died, Joseph remained in possession of all community assets. He sold some of the community movables, cashed in some of the certificates of deposit, closed some of the bank accounts, and otherwise converted these community things into cash which he spent, gave away, or used to open other accounts in his own name. Significantly, Joseph opened three certificate-of-deposit accounts at American Bank & Trust Company with Cynthia named as the beneficiary.

Joseph died testate in 2015. A few months later, his succession was opened and remains under administration in docket number 15-5188 of the 27th Judicial District Court. At the time of Joseph's death, the former community had not been partitioned. And shortly after his death, the funds on deposit in the three CDs were distributed by American Bank to Cynthia. These funds totaled $216,483.91.

Three years later, in 2018, the executor of Opal's estate filed a Petition for Money Due against Joseph's estate in docket number 18-3307 of the 27th Judicial District Court. A default judgment was ultimately rendered against Joseph's estate

"in the full sum of $251,333.27, plus interest at the legal rate from date of judicial demand until paid in full, and for all costs of court, being one-half (½) of the funds which were owned by Joseph Viola and Opal Stella Reeves Viola."

Then, in March 2020, Opal's estate filed the lawsuit that is before us on appeal. More particularly, the executor filed a Petition for Money Due against Cynthia in docket number 20-1296 of the 27th Judicial District Court. The suit seeks a money judgment in the amount of $216,483.91, representing the total distributions received by Cynthia from the three American Bank CDs. The matter proceeded to trial on May 9, 2022, and the case was submitted on stipulated facts. The trial court dismissed all claims against Cynthia. This appeal followed.

On appeal, Opal's estate asserts two assignments of error:

1. The trial judge was clearly wrong when he ruled that the Certificates of Deposit were not owned by Joseph Viola at the time of his death.

2. The trial judge was clearly wrong when he ruled that the Estate of Opal Stella Reeves Viola, a judgment creditor of the Estate of Joseph Viola, could not make a claim against Cynthia Angona Lacassin Guillory, who was in possession of funds from Certificates of Deposit as a result of payable on death provisions.

## LAW AND ANALYSIS

"In cases submitted on stipulated facts there are no factual findings by the trial court. Therefore, appellate review is limited to questions of law and should focus on whether the judgment of the district court was legally correct or legally incorrect." *Dubroc v. Allen Parish Police Jury,* 97-1585, p. 3 (La.App. 3 Cir., 4/8/98), 711 So.2d. 381, 382, *writ denied,* 98-1131 (La. 6/5/98), 720 So.2d 688. Because the case before us was submitted on stipulated facts, we will review both assignments de novo.

In essence, this is a collection suit. Opal's estate obtained a money judgment against Joseph's estate in the amount of $251,333.27 which it now seeks to enforce

against Cynthia, a third party. The action against Cynthia is governed by La.Civ.Code art. 1419. That article states:

> When there is an administration and a creditor asserts and establishes his claim after payment has been made to other creditors or distribution of the estate in whole or in part has been made to successors pursuant to a court order, the claim of the creditor must be satisfied in the following order: first, from the assets remaining under administration in the estate; next, from the successors to whom distribution has been made; and then from unsecured creditors who received payments, in proportion to the amounts received by them, but in this event the creditor may not recover more than his share.

Opal's estate alleges that Cynthia received distributions from Joseph's estate totaling $216,483.91. The subject assets are specifically the funds from three CDs opened by Joseph and made payable on death to Cynthia. Louisiana Revised Statutes 6:314 addresses payable-on-death accounts. In relevant part, La.R.S. 6:314 states:

> A. Upon the death of a depositor who has deposited a sum in any bank account evidencing by the depositor's signature an intention that upon the death of the depositor, the funds shall belong to one or more named beneficiaries of the depositor, the bank may pay the deposit, together with the dividends or interest accruing thereto, to the named beneficiaries for whom the deposit was made. Upon receiving a death certificate, the bank may disburse funds to the named beneficiaries. The beneficiaries shall be specifically named in the deposit account records of the bank.

> B. The title of such an account must include the terms "in trust for", "as trustee for", or "payable on death to", such beneficiary or beneficiaries. Such beneficiaries must be specifically named in the deposit account records of the bank.

> . . . .

> E. No bank paying a beneficiary in accordance with this Section shall be liable to the estate or any heir of the decedent nor shall the account holder be liable for any estate, inheritance, or succession taxes which may be due the state, and delivery of the funds shall constitute a full and complete discharge of the bank for the payment or delivery so made and shall relieve the bank from all adverse claims thereto by a person claiming as a surviving or former spouse or a successor to such a spouse. No tax collector, creditor, heir, legatee, personal

3

representative, or any other person shall have any right or cause of action against the financial institution on account of such payment, and R.S. 47:2410 shall not apply to such cases.

F. The provisions of this Section shall apply notwithstanding the fact the decedent designates a beneficiary by last will and testament. The provisions of this Section shall not prohibit any right of forced heirship or the collation or collection of funds due to any spouse, heir, legatee, creditor, or other person having rights or claims to funds of the deceased depositor.

We now turn our attention to the specific assignments of error asserted by Opal's succession.

### *First Assignment of Error*

The succession initially contends that the trial court erred when it ruled that the CDs were not owned by Joseph at the time of his death. In this first assignment, Opal's estate appears to be appealing the trial court's oral reasons for judgment rather than the judgment itself. The judgment merely dismisses all claims asserted by the estate against Cynthia.

But even still, the transcript reveals that there was never a finding by the trial court that the payable-on-death accounts were not owned by Joseph at the time of his death. Instead, the trial court notes several times that Opal's estate failed to address any of this in Joseph's succession proceeding. In other words, Opal's estate did not adjudicate in Joseph's succession proceeding whether the payable-on-death accounts are assets of Joseph's estate, nor did Opal's estate point to any order from that proceeding which addresses the classification or distribution of the funds from these accounts.[1]

---

[1] In addition, the issue of whether the subject accounts were community property was not addressed in the 2018 lawsuit. And any rights that Opal's beneficiaries may have had under Louisiana Matrimonial Regimes Law appear to have been merged into the money judgment.

Importantly, the trial court below was not asked to declare or adjudicate whether the payable-on-death accounts were assets of Joseph's estate. Opal's estate did not ask for this relief in its petition, and the petition was not enlarged at trial. (The case was submitted on stipulated facts, and the stipulated facts mirror the allegations pleaded in the petition.) Furthermore, if Opal's estate had requested this relief, the executor of Joseph's estate would have been a necessary party to this litigation. La.Code Civ.P. art. 734.

For these reasons, the first assignment of error is without merit.

***Second Assignment of Error***

In its second assignment of error, Opal's estate contends that the trial court erred in ruling that "the Estate of Opal Stella Reeves Viola, a judgment creditor of the Estate of Joseph Viola, could not make a claim against Cynthia Angona Lacassin Guillory, who was in possession of funds from Certificates of Deposit as a result of payable on death provisions."

The essential question here is whether the Estate of Opal established the essential elements of La.Civ.Code art. 1419. Among other things, this statute mandates the order by which claims of succession creditors may be satisfied. The record before us reveals that Joseph's succession is still open and under administration, that the payable-on-death accounts (or funds distributed therefrom) have not been listed or found to be assets of his estate, and that no judgment of possession has been issued. Indeed, there is no evidence that any of Joseph's estate assets have been distributed to any of his successors.

In the end, the Estate of Opal has failed to establish that it has a cognizable action as judgment creditor against Cynthia. The essential elements of Article 1419

were simply not proven.  Thus, the trial court did not err in dismissing the estate's lawsuit.

## DECREE

For the above reasons, the judgment of the trial court is affirmed.  All costs of this appeal are assessed to Joey Angona, in his capacity as Executor of the Estate of Opal Stella Reeves Viola.

**AFFIRMED.**

ESTATE OF OPAL STELLA REEVES VIOLA

VERSUS

CYNTHIA ANGONA LACASSIN GUILLORY

**********

**SAVOIE, J. dissents and assigns written reasons.**

I respectfully dissent from the majority's opinion. I would reverse the trial court's judgment, which found in favor of Cynthia Angona Lacassin Guillory and dismissed the lawsuit against her.

Opal's estate contends that the trial court erred when it ruled that the Certificate of Deposit Accounts (CDs) were not owned by Joseph Viola at the time of his death. The majority opines that the trial court did not make a finding that the CDs were not owned by Joseph at the time of his death, because it was not specifically stated in the judgment. I disagree.

The judgment in this case renders judgment in favor of Cynthia and dismisses all claims asserted against her. It makes no findings of fact. In its oral ruling, the trial court specifically states, "I don't believe that the funds that were Payable on Death[,] were part of the decedent's estate." The trial court further states, "I find that the [payable-on-death] funds were never brought into the Estate of Joseph Viola." While it is true that written and oral reasons do not form part of the judgment, an appellate court is entitled to use the trial court's reasons to gain insight into the judgment. *Wooley v. Lucksinger*, 09-571 (La. 4/1/11), 61 So.3d 507. "A trial court's reasons for judgment may elucidate the trial court's thought process when reaching factual findings." *Keo v. Heng*, 22-130, p. 5 (La.App. 1 Cir. 9/26/22), ___So.3d___, ___ n.9. Accordingly, in my opinion, the trial court made a finding

of fact in its oral ruling that Joseph did not own the CDs at the time of his death. This finding led the trial court to rule in favor of Cynthia. Further, based on the record and law, this finding of fact is erroneous.

First, the parties entered seven stipulations into the record. Stipulation Number Seven states, "Subsequent to the death of Joseph Viola, Cynthia Angona Lacassin Guillory withdrew $216,483.91 from three accounts at American Bank *that were owned by Joseph Viola at the time of his death*." Stipulation Number Seven then lists the three American Bank & Trust Company Certificate of Deposit accounts at issue in this case. "A stipulation has the effect of a judicial admission or confession, which binds all parties and the court." *Ellis v. Heinzen*, 22-67, p. 12 (La.App. 3 Cir. 10/26/22), ___So.3d___, ___, *writ denied*, 22-1710 (La. 1/25/23), ___So.3d___ (quoting *R.J. D'Hemecourt Petroleum, Inc. v. McNamara*, 444 So.2d 600, 601 (La.1983) (footnote omitted), *cert. denied*, 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 39 (1984). A stipulation is law of the case. *Id*.

Louisiana Civil Code Article 872 defines an "estate" as:

> The estate of a deceased means the property, rights, and obligations that a person leaves after his death, whether the property exceeds the charges or the charges exceed the property, or whether he has only left charges without any property. The estate includes not only the rights and obligations of the deceased as they exist at the time of death, but all that has accrued thereto since death, and the new charges to which it becomes subject.

It has been stipulated that Joseph owned the accounts at the time of his death. Therefore, and in accordance with La.Civ.Code art. 872, the CDs are part of Joseph's estate. Consequently, I find the trial court erred when it found that the CDs were not owned by Joseph Viola at the time of his death and had to be "brought into the estate."

While this issue was not addressed in the majority opinion, I find that Opal's estate has a right of action to bring this suit against Cynthia. The CDs at issue were opened by Joseph with presumably community funds. Upon Opal's death, one-half

2

of their community funds were owned by her estate. Therefore, one-half of the money used to open the CDs was owned by Opal's estate. Joseph did not have usufruct over this money. Cynthia was named as the payable-on-death beneficiary for the CDs. Louisiana Revised Statutes 6:314 is the relevant statute for payable-on-death accounts. This statute absolves the bank of any liability or adverse claim against it by a creditor for disbursement of the funds in the account. La.R.S. 6:314(E). However, La.R.S. 6:314(F) (emphasis added) specifically states that "[t]he provisions of this Section *shall not prohibit* any right of forced heirship or the collation or *collection of funds due* to any spouse, heir, legatee, *creditor*, or other person having rights or *claims to funds of the deceased depositor*."

The statute is clear that any creditor with claims to the funds in the account has a right to collect those funds. Joseph is deceased, and the funds at issue are now in Cynthia's possession. Opal's estate is a creditor with a "claim[ ] to funds of the deceased depositor," having obtained a money judgment against Joseph's estate in the amount of $251,333.27, plus interest and costs.

In its oral ruling, the trial court finds that Opal's estate does not have a cause of action based on La.Civ.Code art. 961. Louisiana Civil Code Article 961 relates to the effect of acceptance of a succession. It states, "Acceptance obligates the successor to pay estate debts in accordance with the provisions of this Title and other applicable laws." Cynthia did not receive the funds at issue in this case through Joseph's succession. They were transferred to her, and she received them as the payable-on-death beneficiary, also known as a non-probatable asset, albeit still assets. As such, La.Civ.Code art. 961 does not apply to this case.

Further, the majority opinion finds that Opal's estate "has failed to establish that it has a cognizable cause of action as judgment creditor against Cynthia." This conclusion is based on La.Civ.Code art. 1419, which states:

When there is an administration and a creditor asserts and establishes his claim *after payment has been made to other creditors or distribution of the estate in whole or in part has been made to successors pursuant to a court order*, the claim of the creditor must be satisfied in the following order: first, from the assets remaining under administration in the estate; next, from the successors to whom distribution has been made; and then from unsecured creditors who received payments, in proportion to the amounts received by them, but in this event the creditor may not recover more than his share.

(Emphasis added.)

It is my opinion that the majority misconstrues the petition's allegations and the relief sought. The petition does not allege that petitioner is a judgment creditor of Cynthia, rather it alleges that "Petitioner is a Judgment Creditor of the Estate of Joseph Viola."

Further, Cynthia argues that Joseph's estate "is currently still open and under administration" and "there has been no judgment of possession issued by the Court in the succession making any distribution of estate assets to any heirs." As such, La.Civ.Code art. 1419 also does not apply to this matter. Louisiana Civil Code Article 1419 only applies when a creditor asserts his claim after there has been payment or distribution of the estate pursuant to a court order. This is supported by the revision comments to La.Civ.Code art. 1419, which state that the article modernizes the older version of the law, but "does not change the basic thrust of prior law where *new creditors appear after distribution is made*." (Emphasis added.) *See* La.Civ.Code arts. 1067 and 1068 of the Civil Code of 1870.

Regardless of whether La.Civ.Code art. 1419 applies, that issue should have been raised as an exception of prematurity by Cynthia in the trial court. It was not. An exception of prematurity is a dilatory exception that must be filed prior to or in the answer. La.Code Civ.P. art. 928. The prematurity objection is waived unless pleaded therein. La.Code Civ.P. art. 926. The court may not supply the exception of prematurity.

4

Opal's estate is a judgment creditor of Joseph's estate, pursuant to a judgment rendered on November 4, 2019. The funds at issue were part of Joseph's estate at the time of his death, and they are now in Cynthia's possession. Opal's estate has a right to bring this claim and has a valid cause of action. For these reasons, I would reverse the trial court and render judgment in favor of the Estate of Opal Stella Reeves Viola.